**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Nos. 97-50835 & 98-50364
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAID RUSHDI DARWISH, also
known as Sean Darwish,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CR-355-1)

February 11, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:[*]

Said Rushdi Darwish, also known as Sean Darwish, was convicted of maliciously destroying, by means of fire, a store used in interstate commerce in violation of 18 U.S.C. § 844(i). Darwish contends that the evidence was insufficient to support his conviction. In these consolidated appeals he challenges his conviction, the district court's denial of his motion for a new trial, and its refusal to hold a hearing thereon. For the reasons assigned, we affirm the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgments appealed.

Darwish moved for judgment of acquittal at the close of the government's case and at the close of evidence; we therefore review the evidence in the light most favorable to the verdict, inquiring whether a rational jury could have found that the evidence established guilt beyond a reasonable doubt.[1]  Darwish specifically challenges the sufficiency of the evidence with respect to his intent to commit the crime.  Our review of the record persuades that the evidence of intent was sufficient.  We note merely a portion thereof.  The arson investigators eliminated possible accidental causes of the fire, finding a "pour pattern" of accelerant weaving throughout the store.  Despite previously admonishing one of his employees for bringing a gas can into the store, Darwish brought a new, full, five-gallon gas can into the store the day before the incident.  The clothing that he wore on the night of the fire tested positive for gasoline.  He suffered burns that night and admitted being at the scene shortly before one of two explosions that consumed the store in flames.  When questioned by officers and medical personnel, Darwish offered several, conflicting versions about the origin of the fire.  He had increased the insurance coverage on the store shortly before the fire.  Store employees testified that the business was struggling financially.  Just before the fire, Darwish removed some of his personal belongings from the store and urged a friend to remove items that the friend had stored there.  We conclude that the foregoing evidence was sufficient to support the jury's verdict.

---

[1] **United States v. Pankhurst**, 118 F.3d 345 (5th Cir.), cert. denied, 118 S.Ct. 630 (1997).

There was other supportive evidence.

Darwish moved for a new trial, claiming newly discovered evidence and a **Brady**[2] violation for failure to disclose same, doing so after he had filed his notice of appeal. The motion was denied by the trial court. Rule 33 of the Federal Rules of Criminal Procedure allows a district court to <u>grant</u> a motion for a new trial based upon newly discovered evidence when an appeal is pending, but only after remand of the case. Circuit precedent, however, permits the district court to <u>deny</u> such a motion without remand while the appeal is pending.[3] We review the denial of a motion for a new trial for abuse of discretion.[4] To prevail on a Rule 33 motion, the defendant must show, *inter alia*, that the evidence truly is newly discovered and was unknown to the defendant at the time of the trial.[5]

Darwish contends that newly discovered evidence undermines the verdict. This proffered evidence was, contrary to the government's contentions, that: (a) his car was parked in front of the store, not hidden behind it; (b) the cigarette lighter that was later found in his vehicle on the night of the incident was not used to start the fire; (c) he left the scene several minutes prior to the explosion that consumed his store; and (d) he did not travel the wrong way down a one-

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

[3] **United States v. Parker**, 586 F.2d 422 (5th Cir. 1978).

[4] **United States v. Antone**, 603 F.2d 566 (5th Cir. 1979).

[5] **Id.**

3

way street while leaving the scene. These and the other asserted "newly discovered" facts, however, were known to the defendant at the time of trial. By definition, they were not "newly discovered." Darwish's **Brady** claim fails for the same reason.[6]

Finally, Darwish complains that there was no hearing on his motion for a new trial. None was required.[7]

The conviction is AFFIRMED; the ruling on the motion for new trial is likewise AFFIRMED.

---

[6] **Castillo v. Johnson**, 141 F.3d 218, 223 (5th Cir.) ("Under **Brady**, the prosecution has no obligation to produce evidence or information already known to the defendant . . . ."), cert. denied, 119 S.Ct. 28 (1998).

[7] **United States v. MMR Corp.**, 954 F.2d 1040, 1046 (5th Cir. 1992) ("the acumen gained by the trial judge in presiding over the course of the trial makes Rule 33 motions directed to the same judge particularly suitable for ruling without a hearing") (internal quotes omitted).